

FILED

08/10/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0369

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0369

_____

ROBERT D. RIGGS,

　　　　Petitioner,

　　v.

JIM SALMONSEN, Warden,
Montana State Prison,

　　　　Respondent.

FILED

AUG 10 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

_____

Representing himself, Robert D. Riggs has filed a petition for a writ of habeas corpus, explaining that he has completed all required sex offender treatment programming (SOP) while incarcerated, yet the Board of Pardons and Parole (Board) required him in its December 12, 2018 Case Disposition to "RE-TAKE SOP II PRIOR TO NEXT HEARING" that is scheduled for December 2024. (Emphasis in original). Riggs argues that the Board has unconstitutionally enhanced his prison term or sentence. Because of this "enhancement," Riggs asserts that his parole has been illegally denied. Riggs provides copies of various programs and SOP that he has completed.

Riggs is serving a twenty-four-year term at Montana State Prison. The Gallatin County District Court imposed a parole eligibility restriction of completion of all three phases of SOP in its 2002 written judgment. Riggs appealed his convictions, and he did not challenge the parole eligibility restriction. *State v. Riggs*, 2005 MT 124, ¶¶ 1-6, 327 Mont. 196, 113 P.3d 281 (*Riggs I*). We affirmed. *Riggs I*, ¶ 1.

Riggs has had three other proceedings before this Court.[1] Pertinent here is a recent appeal. In 2015, Riggs filed a civil action against various employees of the Montana State

_____

[1] *Riggs v. State*, 2011 MT 239, ¶¶ 6-8, 362 Mont. 140, 264 P.3d 693 (*Riggs II*) (Affirming the District Court's denial of his petition for postconviction relief); *Riggs v. Kirkegard*, No. OP 12-0279, 2012 Mont. LEXIS 477, *2 Order (Aug. 7, 2012) (*Riggs III*) (Denying Riggs

Prison after he received a disciplinary infraction for threatening and extortion. In 2017, Riggs appealed the Powell County District Court's denial of his motion for default judgment, motion to amend, and the granting of the Defendants' motion to dismiss. *Riggs v. Fletcher*, No. DA 17-0291, 2018 MT 106N, ¶ 2, 2018 Mont. LEXIS 141 (*Riggs IV*). Riggs had a hearing, and the hearing officer found that Riggs was guilty of threatening another inmate and conspiracy to commit blackmail. *Riggs IV*, ¶ 4. "As a result of disciplinary action, Riggs received a higher custody classification, lost his prison job, and was transferred. He was removed from his court-ordered sex offender treatment group, was denied parole for failing to complete sex offender treatment group, and was placed in administrative segregation." *Riggs IV*, ¶ 4. We affirmed. *Riggs IV*, ¶¶ 2, 14.

Because of the date of Riggs's offenses (the first on September 25, 1999, and the others from September 2000 through March 2001), the 1999 version of Montana's statutes applies. *See McDermott v. McDonald*, 2001 MT 89, ¶ 8, 305 Mont. 166, 24 P.3d 200 (the 1985 version of the statutes applied to Petitioner McDonald). Section 46-23-201, MCA (1999), provides:

> (1) the board may release on nonmedical parole by appropriate order any person confined in a state prison, . . . when in its opinion there is *reasonable probability that the prisoner can be released without detriment to the prisoner or to the community.*
>
> . . .
>
> (4) A parole may be ordered under this section only for the *best interests of society* and not as an award of clemency or a reduction of sentence or pardon. A prisoner may be placed on parole only *when the board believes that the prisoner is able and willing to fulfill the obligations of a law-abiding citizen.*

Section 46-23-201(1) and (4), MCA (1999). (Emphasis added).

The Board has broad discretion in parole decisions. *McDermott*, ¶ 20. The Board considered all of Riggs's program completion, his past disciplinary infraction, and other factors. As Riggs correctly alludes, § 46-23-218, MCA, confers on the Board authority to adopt its own rules. This same statute existed in 1999. The current version of the Board's

___

habeas corpus relief because the court had authority to impose a parole eligibility restriction).

2

administrative rules, applicable to Riggs, controls here. "Following the parole hearing, the hearing panel may . . . grant conditional parole to occur within a specified time period or upon completion of a contingency, including but not limited to completion of treatment or prerelease, completion of additional clear conduct, or completion of a specific amount of time on the sentence[.]" Admin. R. M. 20.25.501(2)(c) (2016). The Board has authority to impose conditions at a parole hearing. "A sentence, or condition included in that sentence, is a *limitation on liberty*. A condition on parole is not." *McDermott*, ¶ 17 (italics in original). The Board imposed a condition on Riggs's parole, not an enhancement.

Riggs's December 2018 Case Disposition shows the reasons for denying him parole. The Board indicated several needs for Riggs in the Disposition: (1) Sex offender treatment; (2) No early consideration; (3) "MORE CLEAR CONDUCT"; and (4) "RE-TAKE SOP II PRIOR TO NEXT HEARING" (Emphasis in original). The Board has authority to require additional or the same treatment and more clear conduct of Riggs. Admin. R. M. 20.25.501(2)(c) (2016). The Board also noted that its conclusions were based on the nature and severity of the offenses, multiple offenses, repeat sex offenses, and strong objection from criminal justice authorities and/or citizenry. *See* Admin. R. M. 20.25.505(2)(a) and (2)(p) (2016).

Upon review, we conclude that the Board has authority to impose conditions for Riggs's parole. Riggs took a step backwards in 2015 with his disciplinary infraction, leading to his removal from SOP. Even though he may have completed SOP in 2018, the Board may require him to complete SOP II again based on its concerns.

Riggs has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. The Board has not unconstitutionally conditioned Rigg's sentence or prison term and did not unlawfully deny him parole.

IT IS THEREFORE ORDERED that Riggs's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

3

The Clerk is directed to provide a copy of this Order to counsel of record and to Robert D. Riggs personally.

DATED this __10__ day of August, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices